**TALON, Inc., v. GUTMANN et al.**

Civil No. 1743.

District Court, E. D. New York.

April 13, 1942.

Nims, Verdi & Martin, of New York City, for plaintiff, for the motion.

Louis Applebaum, of New York City, for defendants, opposed.

CAMPBELL, District Judge.

This is an action for trade mark infringement.

Plaintiff manufactures and sells slide fasteners (sometimes referred to as zippers) under its trade mark "Talon".

Plaintiff alleges that defendants purchase from junk dealers, and the like, used or second-hand fasteners bearing plaintiff's said trade mark, and after removing them from dirty, worn-out and discarded articles of merchandise, the defendants after cleaning, disassembling, removing and discarding parts in a different manner, sometimes adding parts, not of plaintiff's manufacture, redyeing, and otherwise altering the fasteners, sell the slide fasteners, so altered, to manufacturers of new clothing, and other new merchandise.

The plaintiffs also allege that defendants' manufacturing customers sell said altered merchandise to retailers and they to the public as new merchandise, equipped with new and unaltered slide fasteners wholly of plaintiff's manufacture.

The witness, Herbert Richard, one of the defendants, on the taking of his deposition on an examination before trial, after describing the step taken by defendants after taking off rags and threads, said that they sent them to a dyer, but objected to giving the name of the dyer.

The question "What is the name of the dyer?" is material and relevant, as the plaintiff is entitled to ascertain the nature of the dyes used, and the method of dyeing, as that bears upon the effect which such redyeing has in changing the quality usually associated with the plaintiff's slide fastener when first made, and sold by plaintiff. The objection is overruled, and the question must be answered.

Plaintiff requests, and defendants objected to giving, the names and addresses of customers to whom defendants had sold such changed fasteners.

Of course, to require defendants to give the names of all of their customers would be an unreasonable burden, and such information in that volume is unnecessary for plaintiff at this time.

The specific questions presented relate to sales in New Jersey, and to enumerated customers at other places.

These questions should be answered, but for future guidance it will be sufficient if defendants will give the names and addresses of five of its largest customers for the said changed or altered slide fasteners, whether attached to other merchandise or separate, in New York City, three in New Jersey, and one in each of the other States alleged.

The objections to the questions asked with reference to enumerated customers and to other customers as limited herein is overruled, and must be answered.